## LA LORRAINE.

### THE PRINZ FRIEDRICH WILHELM.

(Circuit Court of Appeals, Second Circuit. May 3, 1926.)

No. 279.

Collision ⊜⊐106.

Vessels doing nothing to avoid collision, as one backed from pier across course of other, *held* both at fault, under rule of special circumstances.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Norddeutscher Lloyd, as owner of the steamship Prinz Friedrich Wilhelm, against the steamship La Lorraine, her engines, boilers, etc., and La Compagnie Générale Transatlantique, claimant, and libel by La Compagnie Générale Translantique, as owner of the steamship La Lorraine, against the steamship Prinz Friedrich Wilhelm, her engines, boilers, etc., and the Norddeutscher Lloyd, claimant. From a decree denying recovery to either libelant, they both appeal. Affirmed.

Choate, Larocque & Mitchell, of New York City (Joseph Larocque and Nelson Shipman, both of New York City, of counsel), for Norddeutscher Lloyd.

Joseph P. Nolan, of New York City (Frank T. Hendl, of counsel), for Compagnie Générale Transatlantique.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. The colliding vessels, both passenger craft of well-known lines, were scheduled to sail from New York at the same hour, 10 a. m., and each thought it sailed on time. The Lorraine's pier was on the Manhattan side of North River; the Prinz Friedrich Wilhelm started from a pier relatively downstream and on the New Jersey side.

Lorraine straightened on her course first, and was proceeding to sea, on the Manhattan side of mid-river, when the Wilhelm was plainly visible more than half a mile below, backing across stream, and blowing three whistles. Those in charge of the Wilhelm had seen Lorraine and knew what she was doing, certainly as soon as Lorraine saw Wilhelm, and probably sooner. Lorraine blew two whistles, to the other boat, and repeated; the Wilhelm kept on backing and blowing three until she had all the room she wanted off the Jersey shore, and then went ahead to lay her course to sea. It was too late, and Lorraine hit her in the extreme starboard quarter. The place of collision was found by the lower court to have been about 300 feet to the Manhattan side of mid-river. Decision below was that both vessels were at fault, and we agree, though not for the reasons given by the District Judge.

We regard the case as one of special circumstances; the Wilhelm was not on a course; she was executing a maneuver very familiar in river harbors preparatory to laying a course. She had good right to back reasonably for the execution of this maneuver, but she had not the privilege of backing so far as to interfere with the navigation of vessels on their courses and not unreasonably near the pierhead line. Just how far that backing privilege extends it is no more possible to define in yards than it is to extract a meaning from the word "reasonable," that will serve as a rule of conduct applicable to all cases irrespective of attending circumstances.

While Wilhelm was plainly backing across Lorraine's course, the latter vessel, at a speed about which there is much contest, approached within less than 300 feet of Wilhelm. This is the finding below and we see no reason to differ. But, whatever her rate of progress, Lorraine did nothing to avoid collision until so near that the reverse then ordered was useless. In full daylight, with no adverse conditions of wind or weather, this is proof enough of negligence.

It seems to need repetition that no code of navigation gives leave to run into collision; the saving rule of special circumstances flavors every other rule with the salt of caution and common sense. It seems to us plain that both these vessels, in obstinate assertion of an erroneously conceived privilege, failed in every precaution against obviously threatening collision; therefore both are in fault.

Decree affirmed. No costs.